## RAY CRISWELL v. STATE.

No. A-4333.   Opinion Filed April 7, 1924.
(224 Pac. 373.)

(Syllabus.)

1. **Trial—Qualified Refusal to Place Witnesses Under Rule not Prejudicial Error.** A qualified refusal of the court to place the witnesses under the rule at the request of the defendant was not, under all the circumstances shown, an abuse of judicial discretion amounting to prejudicial error.

2. **Same—Refusal to Instruct on Circumstantial Evidence Justified.** Instructions examined and held sufficient.
   (a) A failure to give an instruction on circumstantial evidence was justified.

3. **Objection as to Reception and Exclusion of Testimony Held Without Merit.** The alleged erroneous reception and exclusion of testimony held unimportant, and not such as would affect the issues if a new trial were granted.

Appeal from District Court, Texas County; Arthur G. Sutton, Judge.

Ray Criswell was convicted of assault with a dangerous weapon, and he appeals. Affirmed.

Ross Rizley, H. E. G. Putnam, and W. G. Hughes, for plaintiff in error.

Geo. F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

BESSEY, J. Ray Criswell, plaintiff in error, in this opinion designated the defendant, was convicted of an assault with a sharp and dangerous weapon, and his punishment was assessed at confinement in the penitentiary for a year and a day.

Webb Wharton, the complaining witness, was the owner of some stock ranches, and he, together with John Barnes, was engaged in the real estate business in Texhoma, where they maintained an office. On the day of the difficulty Webb

Wharton was in his office when the defendant entered, at about 4 o'clock in the afternoon. Wharton was sitting on his desk in the rear room of the office, and Barnes and his wife were sitting in chairs in the same room. According to the testimony on behalf of the state, as the defendant entered the office he exclaimed, "I have got you now," and as he advanced, with an open knife in his hand, toward where Wharton was seated on the table, he stated: "You have lied! I've got you now!" Wharton, to protect himself, seized a chair and held it in a striking attitude between himself and the defendant. The defendant then caught hold of a round of the chair with his left hand and with the chair between them pushed Wharton back on the table and stabbed him with the knife, inflicting a wound about 1 inch long and 2½ or 3 inches deep on Wharton's left side, just under and near the heart, from which he bled profusely. After an examination and treatment by a local physician, he was taken to a hospital at Dalhart, Tex., where an operation was performed to stop the internal hemorrhage and where he remained under the care of physicians and nurses for some weeks.

The defendant's defense is a novel one. From the testimony of the defendant and other parts of the record we are unable to determine whether he is claiming that the wound was inflicted in his self-defense, whether it was accidental, or whether Wharton's wound was caused by the defendant at all.

The facts as claimed by the state were definitely supported by the prosecuting witness and by the testimony of Barnes and his wife. The testimony of the defendant was supported by only one witness, a young man in his employ who came with him into the office of Wharton and Barnes. The defendant's testimony was to the effect that Wharton attacked him as he stepped into the inner office, raising the chair and

advancing toward the defendant, and that he does not remember or know whether he had a knife at that time; that whatever resistance he offered was in his necessary self-defense, by implication claiming that whatever injury Wharton sustained in the affray (if any) was accidental. Defendant's employee stated that he saw no knife and did not know that the prosecuting witness had been stabbed until some time afterwards.

The sheriff testified that when he arrested the defendant he took from him a pocket-knife; that his deputy went into a bank and brought the defendant out, and that at that time the defendant had the knife open in his hand; that when the sheriff asked him if that was the knife that did the work he just opened his hand, with the knife in it, and said laughingly, "That is the bad knife."

Before the taking of any testimony, the defendant requested that the witnesses be placed under the rule. We assume from the remarks of the court, as they appear in the record, that the state's witnesses may have been present at that time, but that one or more witnesses for the defendant had not arrived. The court for this reason refused to direct the witnesses to retire during the taking of testimony. The court announced that the rule would not be invoked because some of the witnesses were absent. We think it would have been better practice for the court to have granted the request of defendant, but from what appears of record we cannot say that the court abused his discretion in so ruling. Subsequent parts of the record indicate that the testimony of the state and of the defendant were so irreconcilable that it would have made no difference if the rule had been enforced.

The court in his instructions defined the offense charged in the information as being the offense within the purview of

section 1764, Comp. Stat. 1921, followed by a definition of an assault and an assault and battery, offenses included in the offense charged. He then gave an instruction upon the question of who might be the aggressor and the rights of each of the respective parties if the other provoked the difficulty, and an instruction upon the law of self-defense. Without reciting the instructions at length, we find that they sufficiently covered the issues of law raised by the testimony. The facts as claimed by the state and those asserted by the defendant are so utterly irreconcilable that fine-drawn distinctions of rhetorical meaning, criticized by the defendant, could not have operated to the prejudice of the defendant.

The defendant claims that the court erred in refusing to instruct upon the law of circumstantial evidence. The testimony on both sides was direct and positive; it was sharply conflicting, but not circumstantial, in the ordinary sense of that term. Under the evidence there was no occasion for an instruction upon circumstantial evidence.

We have examined all of the instructions given and those requested and refused. We think that the jury were fairly advised of the law in the premises and that the instructions, fairly construed, nowhere shifted the burden of proof to the defendant.

The questions raised by the defendant relative to the exclusion of witnesses from the courtroom, justification in assault and assault and battery, and the burden of proof were well discussed in the state's brief. To analyze all these in detail herein would require an extended recital of facts and the instructions of the court, which we deem unnecessary under the facts in this particular case.

Some testimony was excluded that might properly have been admitted, as tending to throw light upon the motives

of the respective parties, culminating in this affray. Some of this would apparently have been to the advantage of the state and some to the advantage of the defendant.

From a consideration of the whole record we think it would amount to a miscarriage of justice to set aside the verdict on mere technicalities, which is the most that any of the errors complained of amount to. The testimony on both sides showed that the prosecuting witness was in his office, unarmed, where he had a right to be, and that the defendant entered this office, whether in an aggressive manner or not, and immediately became involved in a physical encounter with the prosecuting witness which lasted but a few moments, and that the prosecuting witness was immediately found to have sustained a severe wound from some sharp instrument. To us it appears conclusive that the defendant was guilty as charged. If the wound inflicted had been a little higher up, the defendant might be here convicted of murder.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.